CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKa
SEP 26 2014
JULIA C. DUDLEY, CLERK
BY: H McDonago
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS A. LITTEK, ) | Civil Action No. 7:14-cv-00489 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| JACK LEE, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Thomas A. Littek, a Virginia inmate proceeding pro se, filed a motion for a preliminary injunction to order jail officials to allow him to use the jail's law library for two hours a week for the duration of this civil action. Plaintiff thinks that the approximately thirty minutes of access he receives each week is insufficient.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23.

Plaintiff fails to establish that he is likely to succeed on the merits of various, disparate complaints about the jail's medical services, Christian programming, book policy, grievance policy, and law library access and materials, especially since he has not yet paid the requisite filing fee as required by 28 U.S.C. § 1915. Plaintiff also fails to establish irreparable harm because he is admits being able to visit the law library each week for at least thirty minutes.

Plaintiff further fails to establish how an order requiring Plaintiff to have increased access to the law library at the possible exclusion of other inmates furthers the public's interest when that interest is served by deferring to correctional officials about the appropriateness of rationing limited resources. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials).

Based on Plaintiff's allegations and the present status of the case, Plaintiff fails to establish that the balance of equities tips in his favor. Defendants have not yet responded to the complaint, and ordering greater access to the law library at this juncture would be unduly burdensome on correctional officials. Accordingly, Plaintiff fails to satisfy the elements for a preliminary injunction, and I deny his request.

**ENTER**: This 26th day of September, 2014.

Senior United States District Judge

2

Case 7:14-cv-00489-JLK-RSB    Document 12    Filed 09/26/14    Page 2 of 2    Pageid#: 62